## In re REICHENBACH.

[Cite as *In re Reichenbach* (1991), 71 Ohio App.3d 730.]

Court of Appeals of Ohio,
Portage County.

No. 90–P–2188.

Decided April 2, 1991.

*Dennis R. Clunk,* for appellants William and Patricia Eichler.

*William A. Nome,* for appellee Waneta Reichenbach.

*David A. Sed,* for Julie Reichenbach.

CHRISTLEY, Judge.

This is an accelerated calendar case appealing the probate court's determination that appellants, William and Patricia Eichler, were not suitable adoptive parents for Jane Marie Reichenbach.

The child's biological mother is a thirty-six-year-old retarded woman who functions approximately on a twelve-year-old level. No paternity has ever been established. The grandmother on her limited retirement is financially unable to provide for the child.

Portage County Children's Services and the Portage County Juvenile Court placed the child in the foster care of appellants in May 1987 when the child was three months old. The child remained with appellants approximately eighteen months or until August 1988. She was returned to the custody of her grandmother, Waneta Reichenbach, appellee. At that time, appellants had no intentions of adopting Jane.

In November 1989, appellant, Patricia Eichler telephoned appellee, Waneta Reichenbach, to check on Jane. Waneta Reichenbach informed Patricia Eichler that she was considering placing the child for adoption, and that she had unsuccessfully searched for a relative placement for Jane. Appellants expressed to the grandmother their desire to adopt the child.

At that time, the parties sought separate legal counsel, and started the adoption process. During this period of time, the child began making visits to appellants' home, gradually staying longer. On January 8, 1990, the child

came to live in appellants' home on a full-time basis. At that time, the mother and grandmother thought they had said their final good-byes.

On February 18, 1990, the child was ordered to be returned to her grandmother due to an illegal placement.

On February 26, 1990, appellants filed their preliminary petition for the adoption. The court appointed an investigator to make a report with recommendations. After meeting separately with appellants and appellee and the biological mother, the investigator recommended the placement.

The court held a hearing on the preliminary petition for adoption on Thursday, March 26, 1990. On April 3, 1990, the court issued its judgment entry finding appellants unsuitable for the placement of this particular child and, therefore, denied the application for placement of this child.

Appellants are now appealing this order, raising the following assignment of error:

"The Portage County Court of Common Pleas, Probate Division, erred to the prejudice of the petitioners-appellants in denying their application for placement of the minor child, Jane Marie Reichenbach."

In making their argument, appellants raise two issues. The first issue alleges that the trial court abused its discretion in finding that the proposed adoption was not in the best interest of the minor child.

The trial court is given considerable discretion in determining whether an adoption is in the best interest of the child. R.C. 3107.14; *In re Adoption of Charles B* (1990), 50 Ohio St.3d 88, 94, 552 N.E.2d 884, 889.

■ When deciding whether to grant or deny a petition for adoption, the trial court "must consider *all* relevant factors before determining what is in the child's best interests." (Emphasis *sic.*) *Id.* The court cautions against emphasizing a single negative factor. *Id.*, quoting *In re Haun* (1972), 31 Ohio App.2d 63, 70, 60 O.O.2d 163, 166–167, 286 N.E.2d 478, 482–483.

■ In determining the best interest of Jane, the trial court emphasized the issue of confidentiality. Specifically, the trial court stated at the hearing:

"I think you folks are terrific people. * * * If you are applying to the court for the adoption of a child for preliminary placement of an adoption of a child, you've got my okay. You've got everybody's okay.

"But if you're applying only for the adoption of Janie, I can't do it. I can't do it because of the issue of confidentiality, * * * and because of the issues concerning the mother's ability and the grandmother's ability to carry out any decision that they might make saying that they will stay away."

All the evidence of record was positive to the adoption. The investigator's report recommended the placement.

We are concerned with the total absence of evidence supporting the court's position. "Confidentiality" was never demonstrated to be a necessary factor in evaluating the suitability of either *any* adoption or specifically *this* adoption. There was no testimony, expert or otherwise, that a lack of "confidentiality" was not in this child's best interest.

The testimony of appellants buttresses the investigator's report. There was no evidence presented to the trial court to indicate that the lack of confidentiality would cause problems at the present or a future date. Contrary to *Charles B, supra,* the trial court perceived a single negative factor and based its decision on this one factor. For the above reasons, the trial court's conclusion that the placement was not in the child's best interest was against the manifest weight of the evidence.

■  Turning now to the second issue, appellants contend that the trial court erred as a matter of law in denying the placement based on the fact that the appellants established a relationship with the minor child as foster parents and that said placement would diminish the integrity of the foster care system.

Again, no specific policy prohibiting such a placement was put into evidence via judicial notice or otherwise. No testimony on this point indicated that the best interests of the child were offended. This court held in *In re Spohn* (Oct. 31, 1977), Trumbull App. No. 2459, unreported, that a trial court erred in placing emphasis on Trumbull County Children's Services Board's policy against foster parents adopting foster children in their care. In so doing, this court concluded that there was not proper consideration of the child's best interest. *Id.* at 9. See, also, *In re Adoption of Huitzil* (1985), 29 Ohio App.3d 222, 29 OBR 267, 504 N.E.2d 1173 (considering an adoption of an adult who has been a foster child).

*In re Harshey* (1975), 45 Ohio App.2d 97, 74 O.O.2d 120, 341 N.E.2d 616, paragraph one of the syllabus, stands for the proposition that "the main purpose of adoption is to find homes for children * * *." The *Harshey* court held that a trial court erred in denying a petition for adoption solely on the grounds that granting the adoption would violate the integrity of a waiting list maintained by the county welfare department. The court emphasized that the purpose of an adoption hearing is to determine whether the petitioners are qualified to care for and rear the child and whether the adoption is in the child's best interest. *Id.* at 104, 74 O.O.2d at 124, 341 N.E.2d at 620.

Moreover, the facts in this case do not support the contention that appellants were using the foster care system to adopt a child. The investigator's report stated appellants have been foster parents for five years and have fostered fourteen children. Appellants stated to the investigator that they had no interest in adopting previous foster children as they have three of their own. While Jane stayed with appellants, they did not consider adopting the child. Appellants freely returned the child to the custody of the grandmother when Jane was eighteen months old. It was over a year after Jane was returned that appellants became aware that the grandmother was searching for adoptive parents for Jane. There was absolutely no evidence of a ruse or subterfuge in this fostering instance.

In light of the above, the trial court's decision was against the manifest weight of the evidence.

The judgment of the trial court is reversed and this matter is remanded for actions consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

FORD, P.J., and NADER, J., concur.